# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**SHARON MULLEN and**
**RENEE MULLEN,**
        **Plaintiffs,**

     v.                                                Case No. 14-C-0377

**CITY OF DUBUQUE, IOWA, and**
**DEPARTMENT OF HOUSING AND URBAN**
**DEVELOPMENT,**
        **Defendants.**

## ORDER

On April 2, 2014, the plaintiffs, proceeding pro se, filed what seems to be a complaint against the City of Dubuque, Iowa and the U.S. Department of Housing and Urban Development. The complaint is very confusing, and the nature of the plaintiffs' claim or claims is not apparent. It seems to have something to do with real property located in Iowa. (The plaintiffs allege that they are domiciled in Racine, Wisconsin.) Almost certainly this case will have to be dismissed at some point for lack of personal jurisdiction over the City of Dubuque or for lack of proper venue. Probably the complaint should be dismissed for other reasons, as well, such as failure to state a claim upon which relief can be granted.

However, at this point, no defendant has appeared, and that is because the plaintiffs have not yet completed service of process. Under Federal Rule of Civil Procedure 4(m), the plaintiffs were required to complete service within 120 days after the complaint was filed. On August 1, 2014, the plaintiffs filed a motion to extend the time for serving the City of Dubuque. In their motion, the plaintiffs do not mention the Department of Housing and Urban Development, and in the caption of the motion they list the City of Dubuque as the

sole defendant. Thus, it seems as though the plaintiffs are no longer interested in obtaining relief against the Department of Housing and Urban Development.

The plaintiffs say they need additional time to serve the City of Dubuque because they are looking for a lawyer to review their complaint and because they intend to amend their complaint. However, this does not explain why the plaintiffs have failed to serve the City of Dubuque with the existing complaint within 120 days. They do not describe any efforts they have made to serve the City of Dubuque or indicate that some circumstance beyond their control prevented them from serving the city within 120 days. Thus, the plaintiffs have not shown good cause for failing to serve the city within 120 days, and I do not see any reason to grant them additional time to complete service. Instead, I will dismiss this case without prejudice for failure to serve the defendants within 120 days. This does not preclude the plaintiffs from filing a fresh action against the City of Dubuque, but I would advise them to consult with a lawyer before doing so. I would also advise them to file any such action in a state or federal court in Iowa, as the City of Dubuque is likely not subject to suit in a Wisconsin court and venue is likely improper in Wisconsin.

For the reasons stated, **IT IS ORDERED** that plaintiffs' motion to extend the time for service is **DENIED**.

**IT IS FURTHER ORDERED** that this action is dismissed without prejudice for failure to serve the defendants within 120 days after the complaint was filed. The clerk of court shall enter judgment.

Dated at Milwaukee, Wisconsin, this 28th day of August, 2014.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge